BRYAN SCHWARTZ LAW
BRYAN SCHWARTZ (SBN 209903)
CASSIDY CLARK (SBN 335523)
180 Grand Avenue, Suite 1380
Oakland, California 94612
Telephone:    (510) 444-9300
Facsimile:    (510) 444-9301
Emails:       bryan@bryanschwartzlaw.com
              cassidy@bryanschwartzlaw.com

LEGAL AID AT WORK
JINNY KIM (SBN 208953)
JARED ODESSKY (SBN 333555)
180 Montgomery Street, Suite 600
San Francisco, California 94104
Telephone:    (415) 864-8848
Facsimile:    (415) 593-0096
Emails:       jkim@legalaidatwork.org
              jodessky@legalaidatwork.org

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually, and on behalf of all others similarly situated,<br><br>　　　　　*Plaintiff,*<br><br>　　v.<br><br>CAROL SPAHN, in her official capacity as Acting Director of the Peace Corps,<br><br>　　　　　*Defendant.* | Case No.: 3:21-cv-04007-LB<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO PROCEED USING A FICTITIOUS NAME**<br><br>Complaint Filed: May 26, 2021<br>Judge: Honorable Laurel Beeler |

Pursuant to Local Rule 7-11, on behalf of the named Plaintiff identified as Jane Doe, counsel for Plaintiff hereby move this Court for administrative relief to proceed in this litigation using a fictitious name. This motion is based upon all papers and pleadings filed in this matter, the Memorandum of Points and Authorities, the Declaration of Jinny Kim in Support of the Administrative Motion ("Kim Decl."), Plaintiff's Declaration in Support of the Administrative Motion ("Plaintiff Decl.") and any other such evidence and arguments as may be presented.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   INTRODUCTION

By this motion, Plaintiff asks the court to exercise its discretion to proceed anonymously, using the fictitious name of Jane Doe. The use of a fictitious name would protect the named Plaintiff's privacy interest in information about her disabilities and medical condition, and also guard against potential harm to reputation and retaliation. No prejudice to the Defendant or the public would occur and Defendant does not oppose this motion.

II.   ARGUMENT

The Ninth Circuit allows the use of pseudonyms in cases where concealing a party's identity is necessary "to protect a person from harassment, injury, ridicule or personal embarrassment." *United States v. Doe,* 655 F.2d 920, 922 n.1 (9th Cir. 1981); *see also Does I through XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068 (9th Cir. 2000). Further, a party may proceed under a pseudonym where the need for anonymity outweighs the public's interest in knowing the party's identity and the harm to the opposing party. *Advanced Textile,* 214 F.3d at 1068. When "anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature," the need for anonymity outweighs those interests. *Id.* at 1068. The Ninth Circuit has set forth the following factors regarding retaliation: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation (discussing vulnerability of child plaintiffs)." *Id.* (internal citations omitted). These factors compel the use of a fictitious name in the present case.

///

///

### A. The Case Discloses Plaintiff's Disabilities and Legally Protected Medical Information.

A fictitious name will protect the named Plaintiff from further discrimination. It is an unfortunate reality that people with disabilities are frequently subjected to discrimination and stigmatization. *See e.g., Brownfield v. City of Yakima,* 612 F.3d 1140, 1146 (9th Cir. 2010). Indeed, this Court has "considered 'social stigmatization' [to be] among the 'most compelling' reasons for permitting anonymity …. [which] is consistent with the Ninth Circuit's instruction in *Advanced Textile* that anonymity is permitted where the subject matter of a case is 'sensitive and highly personal[.]'" *Doe v. George St. Photo & Video, LLC,* 2016 U.S. Dist. LEXIS 83965, at *7 (N.D. Cal. June 28, 2016) (internal citation omitted). Thus, protecting Plaintiff's identity by allowing her to proceed pseudonymously is essential to protect Plaintiff's privacy.

Here, the named Plaintiff desires to protect her professional reputation and to eliminate the possibility that future employers and graduate schools might discriminate against her. Plaintiff Decl., ¶¶ 5-6, 8. Second, the fear of discrimination is real. In 2020, disability discrimination charges constituted 36% of the charges filed with the Equal Employment Opportunity Commission in California among all employment discrimination complaints and across all industries received by the Equal Employment Opportunity Commission.[1]

Third, the named Plaintiff is vulnerable. She was forced to reveal detailed information about her disabilities in order to apply for the Peace Corps. Plaintiff alleges that she has been discriminated against because of her disabilities by the Peace Corps' medical clearance process. Unless the named Plaintiff is granted anonymity, she would be forced to suffer the harms alleged in her lawsuit— discrimination based on her disabilities.

### B. A Fictitious Name Should be Permitted Due to the Personal and Sensitive Nature of Plaintiff's Disabilities.

Parties have been allowed to proceed under fictitious names where the subject matter of the dispute is highly sensitive and personal, such that public disclosure would inflict an irreparable injury. While it is not enough to show general embarrassment or that a simple

---

[1] "FY 2009-2020 EEOC Charge Receipts by CA" available at https://www.eeoc.gov/statistics/enforcement/charges-by-state/CA (last visited October 7, 2021).

medical condition would be disclosed, matters of a very personal nature that would expose a litigant to loss of social status or reputation are protected. For example, the court in *Roe v. City of Milwaukee*, 37 F. Supp. 2d 1127, 1129 (E.D. Wis. 1999) allowed a civil rights plaintiff to proceed anonymously to protect him from the "social stigma" of having his HIV positive status publicly revealed. California courts have also recognized that, where sensitive, disability-related information is concerned, the use of pseudonyms is appropriate. *Doe v. Lincoln Unified School Dist.* 188 Cal. App. 4th 758, 767 (2010) (teacher's challenge to finding that she was mentally unfit); *Jane Doe 8015 v. Superior Court* 148 Cal. App. 4th 489 (2007) (patient suing a laboratory after acquiring HIV from a reused needle); *Johnson v. Superior Court*, 80 Cal. App. 4th 1050, 1072 (2000) (sperm donor accused of failing to of failing to disclose his family history of kidney disease).

Here, Jane Doe revealed her disabilities to the Peace Corps as part of the medical clearance process. First Amended Complaint, ¶ 26. Plaintiff has not shared her disabilities with many people because she fears discrimination and stigmatization. Plaintiff Decl. ¶¶ 3-4, 8-9, 12. In California, information about a litigant's disability is personal and private. Cal. Const., art. I, § 1; *Johnson v. Superior Court,* 80 Cal. App. 4th at 1068 ("[I]t is well settled that the zone of privacy created by [the California Constitution] extend[s] to the details of a patient's medical and psychiatric history.") There is also generally a compelling interest to protect individuals' medical records and information under the Health Insurance Portability and Accountability Act of 1996. Pub. L. 104-191, 110 Stat. 1936.

Plaintiff's fears of extraordinary harm are reasonable given that she has already been subjected to discrimination based on her disabilities. Further compounding Plaintiff's vulnerability is the fact that the Peace Corps is widely recognized and that the named Plaintiff has an uncommon name. Plaintiff Decl. ¶¶ 9, 11. Given the high-profile nature of the Peace Corps, it is likely news of the litigation will be widespread. The named Plaintiff is more aware of the potential scrutiny of this case, and her need for anonymity, than when she filed the original Complaint. Plaintiff Decl. ¶ 7.

///

### C. Plaintiff's Privacy Rights Outweigh the Public's Interest.

Plaintiff's privacy interests additionally outweighs the public's interest in knowing her name. In serving as a putative class representative, Plaintiff pursues this claim not just for her own benefit, but also for the benefit of the general public. *Id.* at 1073 (citing *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 44 (1974) (stating that a private Title VII plaintiff "not only redresses his own injury but also vindicated the important congressional policy against discriminatory employment practices")). Moreover, the public also has an interest in seeing this case decided on the merits. *Id.* Furthermore, the public has an interest in seeing cases decided on the merits where there may be "widespread implications" from the court's ruling. *Id.; see also Roe v. Providence Health Sys.-OR,* No. CIV 06 1680 HU, 2007 WL 1876520, at *4 (D. Or. June 26, 2007) (holding that the public's interest in a resolution to a dispute involving disability discrimination outweighed any interest in the plaintiff's identify because was "an issue which carriers important implications for disabled persons and for society as a whole."). The public's interest in open judicial proceedings is, therefore, better-served by allowing Plaintiff to proceed anonymously by enabling it to go forward rather than requiring her to reveal her identity and place her in the impossible position of risking further discrimination or dismissing the lawsuit. Plaintiff Decl. ¶ 10. Significantly, Defendant does not oppose Plaintiff's administrative motion. Kim Decl. ¶ 7.

The age of the parties seeking anonymity is also a factor that weighs in favor of their request. *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993). Jane Doe is a young adult and a recent college graduate with many employment prospects in her future. Plaintiff Decl. ¶ 6. Accordingly, this Court should exercise discretion in allowing the use of a pseudonym.

### III. CONCLUSION

Anonymity will protect the privacy interests of the named Plaintiff and prevent harm to her reputation without impairing either defendant's or the public's rights. For these reasons, Plaintiff respectfully requests that the court grant permission for the named Plaintiff to proceed in this lawsuit under the fictitious name of Jane Doe and that the Parties are allowed to re-file the

{00633881.DOC}   4   CASE NO. 3:21-CV-04007-LB
PLAINTIFF'S ADMINISTRATIVE MOTION TO PROCEED USING A FICTITIOUS NAME

1 | original complaint [Dkt. No. 1] and all pleadings and documents in this case using the fictitious
2 | name of Jane Doe.

4 | DATED: October 12, 2021        Respectfully submitted,

LEGAL AID AT WORK

By:    /s/ Jinny Kim
       Jinny Kim
       Counsel for Plaintiffs